UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case No. 12-CR-188

KALMAR G. GRONVALL,

        Defendant.

## SUPPLEMENTAL ORDER OF DETENTION

At the last hearing on the above matter, the court reaffirmed its finding that the defendant was not likely to make future court appearances and thus needed to be detained. The court noted at that time that the Pretrial Services Report indicated that the defendant had failed to cooperate with Pretrial Services and answer questions concerning his current residence and income. There was some discussion that the defendant had later changed his mind and been interviewed, but no report was in the file or on the docket.

On December 27, 2012, the Pretrial Services Report from the defendant's initial appearance was filed. It appears from that report that, although the defendant initially declined to be interviewed, he changed his mind and cooperated in an interview after the magistrate judge indicated he would not be released until he did. Having reviewed the information contained in the Pretrial Services report that was prepared at that time, the court remains convinced that detention is appropriate in this case.

The information provided by the defendant is extremely sketchy. He claims he's been living at a friend's house in Milwaukee for the past two years, but there is no listing of any property or assets that he owns. He claims self-employment income of $2500 per month, but there is no indication of what he is self-employed to do. And even though he claims expenses leaving him $1900 per month cash flow, he has a child support arrearage in Shawano County of $3700. Nothing in the report suggests that the defendant has any strong ties to the community; nor is there anything to dispel the sense that it would be difficult to locate him if he chose not to appear.

More importantly, however, is the fact that the defendant's approach has significantly changed since the initial appearance. The primary reason the court found it necessary to detain the defendant is his complete refusal to respond to questions posed to him by the court and his contention that the court lacks jurisdiction and authority over him and the case against him. Indeed, when asked by the court, the defendant would not even agree that he would promise to return for future proceedings. Under these circumstances, the court remains convinced that there are no conditions or set of conditions that could be imposed that would reasonably insure the defendant's appearance at future court proceedings. Accordingly, the Order of Detention will remain in effect.

**SO ORDERED** this   3rd   day of January, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court